

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC07377 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ROSALIND MITCHELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD EDWARD BANKS<br>308 NORTH 21ST STREET STE 401<br>SAINT LOUIS, MO  63103-1646 | |
| Defendant/Respondent:<br>CAJUN OPERATING COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **CAJUN OPERATING COMPANY**
Alias: **DBA CHURCH'S CHICKEN**

CSC LAWYERS INC SERVICE
COMPANY 221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**COLE COUNTY, MO**

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____June 11, 2019_____   _____Thomas Kloeppinger_____
Date   Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____   _____
Date   Notary Public

**Sheriff's Fees, if applicable**
Summons        $_____
Non Est        $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $____10.00_____
Mileage        $_____ (_____ miles @ $._____ per mile)
**Total**        $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| ROSALIND MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division: |
| CAJUN OPERATING COMPANY D/B/A ) | |
| CHURCH'S CHICKEN, ) | **JURY TRIAL DEMANDED** |
| ) | |
| <u>Serve</u>: CSC-Lawyers Incorporations ) | |
| Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| and ) | |
| ) | |
| KIA HOFFMAN, ) | |
| **HOLD SERVICE** ) | |
| ) | |
| Defendants. ) | |

## <u>PLAINTIFF'S FIRST PETITION FOR DAMAGES</u>

COMES NOW, Plaintiff, Rosalind Mitchell, and for her First Petition for Damages against Defendants CAJUN OPERATING COMPANY, d/b/a CHURCH'S CHICKEN and Kai Hoffman, states:

### <u>PARTIES</u>

1. That at all times herein mentioned, the Plaintiff, Rosalind Mitchell, was an individual residing in the State of Missouri.

2. That at all times, Defendant CAJUN OPERATING COMPANY ("CHURCH'S CHICKEN"), is a foreign business conducting substantial business in Missouri, with the ability to sue and be sued, enjoying substantial contacts with, doing/soliciting business in, and maintaining a registered agent in the State of Missouri.

3. That Defendant, Kai Hoffman, at all relevant times, is and was a citizen and resident of the State of Missouri, and upon information and belief was the manager of the Church's Chicken located at 920 Grand Boulevard, Saint Louis, Missouri 63106.

## VENUE AND JURISDICTION

4. Venue is proper in the Court pursuant to RSMo §508.010 in that Plaintiff was first injured in St. Louis City, Missouri.

5. Jurisdiction is appropriate in the Circuit Court under the provisions of RSMo § 478.070 and because the amount in controversy exceeds $25,000.00 for Plaintiff.

## GENERAL ALLEGATIONS

6. Defendant Cajun Operating Company is the owner and operator of Church's Chicken located at 920 North Grand Boulevard, St. Louis, MO 63106.

7. On or about July 29, 2018, Plaintiff Rosalind Mitchell was a business invitee at the Church's Chicken restaurant.

8. This cause of action arises out of dangerous conditions that existed on said date, including when Plaintiff fell on the dangerous, broken, and defective condition of the parking lot pavement.

9. At all times herein, Defendant Kai Hoffman, was the manager of the Church's Chicken restaurant, was an employee and/or authorized agent of Defendant Church's Chicken and was acting within the course and scope of such employment and/or agency at all times relevant herein.

10. Accordingly, and for the reasons discussed herein Defendant Church's Chicken is liable for any and all of the tortious and/or negligent acts and/or omissions committed by its

employees, officers, managers, supervisors, agents and/or servants and vicariously liable for any and all damages resulting therefrom under the doctrine of *respondeat superior*.

## COUNT I – CAJUN OPERATING COMPANY – NEGLIGENCE – PREMISES LIABILITY

11. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 10 of the petition.

12. Said incident and injury involving Plaintiff occurred as a direct and proximate result of negligence and carelessness of Defendant Church's Chicken, in the following respects, to-wit:

   a. There was dangerous and defective pavement, and as a result the parking lot was not reasonably safe;

   b. There was broken concrete and pot holes, and as a result the area was not reasonably safe;

   c. Defendant Church's Chicken knew or by using ordinary care, could have known, of these dangerous conditions;

   d. Defendant Church's Chicken failed to repair or remedy, barricade or warn of these dangerous conditions;

   e. Defendant Church's Chicken failed to warn of the aforementioned dangerous and not reasonably safe conditions; and

   f. As a result of such failures, Plaintiff sustained damage.

13. As a direct and proximate result of the negligence and carelessness of Defendant Church's Chicken, its agents and employees, Plaintiff was caused to sustain serious injuries to her left foot.

14. As a direct and proximate result of the negligent and carelessness of Defendant Church's Chicken, Plaintiff has been caused to undergo medical treatment, and will, in the future, be caused to undergo medical treatment.

WHEREFORE, Plaintiff, Rosalind Mitchell, prays for judgment in Count 1 against Defendant CAJUN OPERATING COMPANY in an amount in excess of $25,000.00, that will fairly and reasonable compensate Plaintiff for her injuries; for the losses she sustained and will sustain in the future; for the cost of these proceedings; and for such other and further relief as this Court deems just and equitable.

## COUNT II – CAJUN OPERATING COMPANY– NEGLIGENCE

15. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 10 of the petition.

16. Said incident and injury involving Plaintiff occurred as a direct and proximate result of the negligence and carelessness of Defendant Church's Chicken, in the following respects, to-wit:

   a. Defendant Church's Chicken, through its employees, officers, managers, supervisors, agents and/or servants, failed to clean, mop, or otherwise dry the floor in the area where Plaintiff fell such that it was not reasonably safe;

   b. Defendant Church's Chicken, through its employees, officers, managers, supervisors, agents and/or servants, failed to clean, mop, or otherwise dry the mat in the area where Plaintiff fell such that it was not reasonably safe;

   c. Defendant Church's Chicken, through its employees, officers, managers, supervisors, agents and/or servants, failed to adequately remove, warn of, barricade said dangerous conditions making the area not reasonably safe for anyone walking thereon; and

   d. Defendant Church's Chicken, through its employees, officers, managers, supervisors, agents and/or servants, failed to use ordinary care to make said conditions reasonably safe or to adequately warn of them.

17. As a direct and proximate result of the negligence and carelessness of Defendant Church's Chicken, its agents and employees, Plaintiff was caused to sustain serious injuries to her left foot.

4

18. As a direct and proximate result of the negligent and carelessness of Defendant Church's Chicken, Plaintiff has been caused to undergo medical treatment, and will, in the future, be caused to undergo medical treatment.

WHEREFORE, Plaintiff, Rosalind Mitchell, prays for judgment in Count II against Defendant CAJUN OPERATING COMPANY in an amount in excess of $25,000.00, that will fairly and reasonable compensate Plaintiff for her injuries; for the losses she sustained and will sustain in the future; for the cost of these proceedings; and for such other and further relief as this Court deems just and equitable.

### COUNT III – DEFENDANT HOFFMAN – NEGLIGENCE

19. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 10 of the petition.

20. That Defendant Kai Hoffman was in charge of ensuring that safety policies at Church's Chicken restaurant are followed in an appropriate manner, including those related to repairing, maintain maintenance, warning customers of dangerous conditions, and inspection policies for Defendant Church's Chicken.

21. Defendant Kai Hoffman had an affirmative duty to the Plaintiff, as a business invitee to ensure the policies were followed.

22. Defendant Kai Hoffman a duty to ensure that Church's Chicken restaurant employees and agents were trained on and followed policies for repairing, maintain maintenance, warning customers of dangerous conditions, and inspections.

23. Defendant Kai Hoffman had a duty to ensure all areas of store operations were in compliance with company procedures, policies and regulations at the Church's Chicken restaurant.

24.   Before Plaintiff's injury, Defendant Kai Hoffman failed to implement the policies in an appropriate manner, and was thereby negligent.

25.   As a direct and proximate result of the negligence and carelessness of Defendant Kai Hoffman, Plaintiff was caused to sustain serious injuries to her left foot.

26.   As a direct and proximate result of the negligent and carelessness of Defendant Hoffman, Plaintiff has been caused to undergo medical treatment, and will, in the future, be caused to undergo medical treatment.

WHEREFORE, Plaintiff, Rosalind Mitchell, prays for judgment in Count III against Defendant Kai Hoffman in an amount in excess of $25,000.00, that will fairly and reasonable compensate Plaintiff for her injuries; for the losses she sustained and will sustain in the future; for the cost of these proceedings; and for such other and further relief as this Court deems just and equitable.

BANKS & ASSOCIATES, LLC

By: /s/ Richard E. Banks
Richard E. Banks, #36262
Attorney for Plaintiff
308 North 21st Street, Suite 401
St. Louis, Missouri 63103
(314) 721-4040 Telephone
(314) 721-6045 Facsimile
richard@bankslegaloffice.com