# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROSALIND MITCHELL, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:19-cv-02024-SRC |
| CAJUN OPERATING COMPANY d/b/a CHURCH'S CHICKEN, | ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court, *sua sponte*, upon review of the file. The Court dismisses this matter in its entirety, without prejudice, for failure to prosecute.

## I.   BACKGROUND

Plaintiff Rosalind Mitchell originally filed this negligence action in state court naming two defendants: Cajun Operating Company d/b/a Church's Chicken and Kai Hoffman. Mitchell asserted three total counts in her state court petition. She brought Counts I and II (for premises liability and negligence) against Cajun, and Count III (negligence) against Hoffman only.

Mitchell requested a summons for Cajun on June 11, 2019, and Cajun was served on June 17, 2019. Doc. 1-2. Mitchell did not request that a summons be issued for Hoffman. Doc. 12-2. Cajun removed the matter to this Court on the basis of diversity jurisdiction, alleging that Defendant Hoffman was fraudulently joined. Doc. 1. After removal, Cajun filed a Motion to Dismiss Counts I and II of the Complaint for failure to state a claim. Doc. 8. This Court granted Cajun's Motion to Dismiss on August 13, 2019. Doc. 10. Because Cajun is not named in Count III of the petition, dismissal of Counts I and II left Hoffman as the lone remaining defendant. To date, Mitchell has not requested that a summons be issued for Hoffman.

## II. DISCUSSION

Federal district courts have the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). This authority includes the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

Mitchell originally filed this action in state court on June 11, 2019. Doc. 1-2. Since that time, Hoffman has not been served, and Mitchell has not even requested that a summons be issued so that Hoffman might be served. Additionally, on August 16, 2019, Mitchell submitted an affidavit to this Court representing that the following caused her prior delay in serving Hoffman: 1) not knowing the proper spelling of Hoffman's first name, and 2) not knowing that Hoffman was a resident of St. Louis City. Doc. 12-2. Mitchell acknowledges that an affidavit submitted by Cajun on July 17, 2019 answered those questions. *Id.* Accordingly, Mitchell's attorney averred on August 5, 2019: "We anticipate being able to personally serve Defendant Hoffman now that we know the correct spelling of his first name and that he lives in the City of St. Louis." *Id.*

More than 90 days have passed since then.[1] Not only has Hoffman not been served, Mitchell has failed to request issuance of a summons. On these facts, the Court finds that Mitchell has failed to prosecute her claims against Hoffman.
Accordingly,

**IT IS HEREBY ORDERED** that this matter, in its entirety, is DISMISSED WITHOUT PREJUDICE, for failure to prosecute.

So Ordered this 20th day of November, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The affidavit from Richard E. Banks, Mitchell's attorney, states: "It has been my experience that most state courts will allow Plaintiffs 90 days to achieve personal service on a Defendant before dismissing the lawsuit for failure to prosecute." Doc. 12-2, ¶ 8.